# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BLITZSAFE TEXAS, LLC, | Case No. 2:19-cv-00378-JRG (LEAD CASE) |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| FIAT CHRYSLER AUTOMOBILES N.V., FCA US LLC, MASERATI NORTH AMERICA, INC., | |
| Defendants. | |

**DEFENDANTS FCA US LLC AND MASERATI NORTH AMERICA, INC.'S EXPEDITED OPPOSED MOTION TO STAY IN VIEW OF FEDERAL CIRCUIT'S RECENT *IN RE SK HYNIX* DECISION REGARDING VENUE ISSUES**

**TABLE OF CONTENTS**

<u>Page</u>

I.    BACKGROUND ............................................................................................................. 1

II.   LEGAL STANDARD .................................................................................................... 2

III.  ARGUMENT .................................................................................................................. 2

IV.   CONCLUSION .............................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Anza Tech., Inc. v. Xilinx, Inc.*,
    No. 17-cv-687, 2017 WL 10379350 (D. Colo. Oct. 16, 2017)..................................................3

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020)..................................................................................................2

*Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.*,
    No. 14-CV-759, 2015 WL 11143485 (E.D. Tex. Dec. 16, 2015)..............................................4

*Customedia Techs., LLC v. Dish Network Corp.*,
    No. 16-cv-129-JRG, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017) .........................................7

*DSS Tech. Mgmt., Inc. v. Apple, Inc.*,
    No. 13-cv-919 (E.D. Tex. Oct. 28, 2014) ................................................................................3

*In re EMC Corp.*,
    501 F. App'x 973 (Fed. Cir. 2013) ...........................................................................................4

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988)..................................................................................................2

*In re Fusion-IO, Inc.*,
    489 F. App'x 465 (Fed. Cir. 2012) .......................................................................................4, 6

*In re Google Inc.*,
    No. 15-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015)..........................................................3

*In re Horseshoe Entm't*,
    337 F.3d 429 (5th Cir. 2003) .....................................................................................................3

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
    No. 16-CV-505-JRG, 2017 WL 7051628 (E.D. Tex. Oct. 25, 2017).........................................7

*In re SK hynix Inc.*,
    No. 21-113, 2021 WL 321071, (Fed. Cir. Feb. 1, 2021) .......................................................1, 6

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)...................................................................................................................2

*In re Lloyd's Register N. Am., Inc.*,
    780 F.3d 283 (5th Cir. 2015) .....................................................................................................6

*Microlinc, LLC v. Intel Corp.*,
    No. 07-cv-488, 2010 WL 376655 (E.D. Tex. Sept. 20, 2010)..................................................4

*In re Nintendo Co.*,
   544 F. App'x 934 (Fed. Cir. 2013) ................................................................................1, 3

*Omega Patents, LLC v. Bayerische Motoren Werke AG*,
   No. 20-cv-01907, 2020 WL 8184342 (N.D. Ga. Dec. 21, 2020) .............................................5

*Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
   No. 19-cv-00225-JRG, 2021 WL 121154 (E.D. Tex. Jan. 13, 2021) ...................................2, 7

*Secure Axcess, LLC v. Nintendo of Am., Inc.*,
   No. 13-cv-0032 (E.D. Tex. Feb. 10, 2014) ...............................................................................3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)..................................................................................................4

*W. View Res., LLC v. BMW of N. Am., LLC*,
   No. 16-CV-2590, 2018 WL 4367378 (S.D. Cal. Feb. 5, 2018)..................................................5

*Zillow, Inc. v. Trulia, Inc.*,
   No. C12-1549JLR, 2013 WL 5530573 (W.D. Wash. Oct. 7, 2013).........................................5

**Statutes**

28 U.S.C. § 1400................................................................................................................1, 5

28 U.S.C. § 1404...................................................................................................................1

28 U.S.C. § 1406...................................................................................................................1

28 U.S.C. § 1404(a) ...............................................................................................................3

Defendants FCA US LLC and Maserati North America, Inc. (collectively, "Defendants") respectfully move the Court to stay all case activity unrelated to Defendants' Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. §§ 1400, 1404, and 1406 based on improper and/or inconvenient venue ("Defendants' Venue Motion"). The Federal Circuit recently ordered a stay of a case in a similarly situated case, finding that in light of an upcoming substantive hearing that the district court should stay all proceedings in the case "until such time that it has issued a ruling on the [venue] motion capable of providing meaningful review of the reasons for its decision." *In re SK hynix Inc.*, No. 21-113, 2021 WL 321071, at *2 (Fed. Cir. Feb. 1, 2021).

Following that decision, a stay of all activity in this case apart from the Defendants' Venue Motion is appropriate to save the Court and the parties unnecessary effort and expense while the Court considers dismissal or transfer. Defendants filed Defendants' Venue Motion early in the case, and the Court has now conducted a hearing on the motion. In light *SK hynix* and similar Federal Circuit guidance that "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case," *In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013), a stay is appropriate at this time. The parties and the Court are preparing for a February 25, 2021 Final Pretrial Conference that includes a number of substantive motions to frame the issues in the case, as well as an April 2021 trial date. A delay of these dates is appropriate to allow the Court to address the Defendants' Venue Motion, and if denied, to allow the Federal Circuit to review that decision before proceeding to trial in a venue that is improper and/or inconvenient for this dispute.

I.    **BACKGROUND**

Plaintiff Blitzsafe filed this case on November 15, 2019, alleging infringement of the '786 and '342 patents. Dkt. No. 1. Rather than answer the Complaint, Defendants filed

1

Defendants' Venue Motion on January 28, 2020.  Dkt. No. 48.  At the conclusion of fact discovery on November 10, 2020, Defendants filed a Notice of Readiness for their pending Venue Motion.  Dkt. No. 117.  On December 21, 2020, the Court held a hearing on Defendants' Venue Motion.

Due to the large number of cases filed by Plaintiff Blitzsafe previously, the Court did not hold a *Markman* hearing in this case, instead adopting the parties' agreement that previous opinions on claim construction will apply here for both trial and appeal.  *See* Dkt. No. 111.  Dispositive motions and motions to strike or exclude expert testimony were recently fully briefed, and the parties are in the midst of briefing motions in *limine*.  The Court has scheduled a February 25, 2021 Final Pre-trial Conference.  Dkt. No. 126.  Jury selection is set for April 5, 2021.

## II.    LEGAL STANDARD

"The district court has the inherent power to control its own docket, including the power to stay proceedings."  *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 19-cv-00225-JRG, 2021 WL 121154, at *1 (E.D. Tex. Jan. 13, 2021) (internal citation omitted); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings." (internal citation omitted)).  How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

## III.    ARGUMENT

### A.    The Court has Inherent Authority to Stay Proceedings Pending Venue Motions

Both the Federal Circuit and the Fifth Circuit hold that venue motions should be prioritized and resolved before addressing other substantive issues. *See, e.g.*, *In re Apple Inc.*,

2

979 F.3d 1332, 1339 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take priority.") (applying Fifth Circuit law); *In re Nintendo Co.*, 544 F. App'x at 941 (applying Fifth Circuit law in holding that "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case"); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the . . . District Court.").

Accordingly, it is not uncommon for courts, including this Court, to stay proceedings pending decisions on transfer. *See, e.g.*, *Secure Axcess, LLC v. Nintendo of Am., Inc.*, No. 13-cv-0032, ECF No. 133 (E.D. Tex. Feb. 10, 2014) ("[T]he Court is persuaded that a short stay pending resolution of the severance and transfer issues is likely to simplify the issues in this case."); *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 13-cv-919, ECF No. 83 (E.D. Tex. Oct. 28, 2014) ("The Court hereby STAYS all proceedings . . . while it considers Defendant's Motion to Transfer Venue"); *Anza Tech., Inc. v. Xilinx, Inc.*, No. 17-cv-687, 2017 WL 10379350, at *1 (D. Colo. Oct. 16, 2017) ("[T]he Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to transfer that could resolve this Court's involvement in this matter.").

Here, a stay would uphold 28 U.S.C. § 1404(a)'s intent to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense' . . . when defendants are forced to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket." *In re Google Inc.*, No. 15-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015)

3

(internal citation omitted) (ordering stay of proceedings pending resolution of transfer motion); *see also In re EMC Corp.*, 501 F. App'x 973, 975–76 (Fed. Cir. 2013). The Federal Circuit has stated that it expects venue motions to be filed "promptly" (as Defendants did here) and "for the district court to act on those motions before proceeding to any motion on the merits of the action." *In re Fusion-IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012).

### B. Other Factors Favor a Stay

In determining whether to order a stay, courts typically consider: "(1) whether a stay would unduly prejudice the non-moving party or present a clear tactical advantage to the moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been established." *Microlinc, LLC v. Intel Corp.*, No. 07-cv-488, 2010 WL 376655, at *1 (E.D. Tex. Sept. 20, 2010). These factors favor a stay here, particularly when balanced against the potential prejudice to Defendants and waste of resources by the parties and the Court if a stay is not granted.

First, Blitzsafe would not suffer any undue prejudice or clear tactical disadvantage if the Court stays the case. "[W]hether the patentee will be ***unduly prejudiced*** by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Blitzsafe has no pressing need for "expeditious resolution": it is not seeking injunctive relief; indeed, Blitzsafe, as an aftermarket interface seller, does not compete for the same customers or contracts as Defendants, i.e., automobile OEM manufacturers. Monetary relief will be fully sufficient to compensate Blitzsafe for any damages, and a "stay will not diminish the monetary damages to which [patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *Id.* The "mere delay in collecting those damages does not constitute undue prejudice." *Cellular Commc'ns Equip.,*

4

*LLC v. Samsung Elecs. Co.*, No. 14-CV-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015) (internal citations omitted). Moreover, the facts that: Blitzsafe is a serial litigant, it has been litigating against a number of industry participants since 2010, it choose not to file its case against Defendants until 2019, and it did not move for a preliminary injunction, all confirm that Blitzsafe will not suffer any prejudice if the case is stayed. *E.g.*, *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573, at *6 (W.D. Wash. Oct. 7, 2013) ("[A]ttempts by a patentee to argue undue prejudice are undermined if the patentee has elected not to pursue preliminary injunctive relief.").

Second, it is clear that a stay pending resolution by this Court and the Federal Circuit is the best way to preserve both public and private resources. Defendants' Venue Motion is meritorious. The two district courts that faced the same dispositive issue presented by Defendants' Venue Motion have ruled that independent, third-party dealerships as the "place of business" of an automotive original equipment manufacturer/defendant ***cannot*** satisfy venue under Section 1400, as plaintiff has attempted to argue here. *W. View Res., LLC v. BMW of N. Am., LLC*, No. 16-CV-2590, 2018 WL 4367378, at *8 (S.D. Cal. Feb. 5, 2018); *Omega Patents, LLC v. Bayerische Motoren Werke AG*, No. 20-cv-01907, 2020 WL 8184342, at*5–6 (N.D. Ga. Dec. 21, 2020). If this Court grants Defendants' motion, in accord with the two other district courts, the case will either be dismissed or transferred to another district altogether, thus relieving this Court of the need to consider the numerous issues raised in the parties' other pending motions or otherwise preparing the case for trial in this district. Should the Court deny Defendants' motion, the ruling would create a split in authority and the Federal Circuit should be given the opportunity to review the ruling and resolve the split before proceeding to trial in this

case.[1]  Continuing the stay through appellate review will ameliorate the risk that the parties will proceed to a trial in an improper venue, which could significantly prejudice both the Court and the parties with a potential second trial in a proper venue.

Finally, although fact and expert discovery is complete, it is before the Court has ruled on any "any motion on the merits of the action," *In re Fusion-IO, Inc.*, 489 F. App'x at 466, on which it will hear argument later this month.  The Federal Circuit's recent *SK hynix* decision counsels staying all substantive proceedings pending resolution of Defendants' Venue Motion at this time.  There, in light of an approaching *Markman* hearing, the Court granted defendant's petition for mandamus "to the extent that the district court must stay all proceedings concerning the substantive issues of the case and all discovery until such time that it has issued a ruling on the motion capable of providing meaningful appellate review of the reasons for its decision." 2021 WL 321071, at *2 (citing *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 290 (5th Cir. 2015)).  Following that precedent, and in light of the upcoming Final Pretrial Conference, Defendants' respectfully submit that a stay of all substantive issues of the case is warranted until the Court has ruled and permitted appellate review on Defendants' Venue Motion.

        **C.**      **Expedited Relief is Requested and Appropriate at this Time**

Defendants filed their Venue Motion at the outset of this case.  Defendants filed a notice of readiness at the conclusion of fact discovery—when no facts were discovered that would impact the original request.  Dkt. No. 117.  The Court held a hearing on Defendants' Venue Motion on December 21, 2020.  Dkt. No. 130.  In the near future, the Court will need to hear and decide several summary judgment motions, motions to strike or exclude expert testimony, and motions *in limine*.  Yet jury selection is set for April 5, 2021, which is far enough in the future to

---

[1] Defendants will seek review as expeditiously as possible, if necessary, after the Court's ruling.

6

allow the Court to obtain the substantial benefits of a stay. *See Ramot at Tel Aviv Univ.*, 2021 WL 121154, at *2–3 (granting renewed motion to stay the case "with discovery complete, pretrial briefing submitted, and jury selection" scheduled to occur about two and a half months after the motion); *Customedia Techs., LLC v. Dish Network Corp.*, No. 16-cv-129-JRG, 2017 WL 3836123, at *2 (E.D. Tex. Aug. 9, 2017) (granting renewed motion to stay that was filed about one month from jury selection); *Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 16-CV-505-JRG, 2017 WL 7051628, at *1–2 (E.D. Tex. Oct. 25, 2017) (granting stay where jury selection was scheduled to occur about one month from defendant's motions to stay). In sum, this case has progressed to the stage where the parties have completed discovery and focused the issues for trial. A stay now will preserve that effort and avoid "a serious risk of wasted resources as to the parties and the Court." *Ramot at Tel Aviv Univ.*, 2021 WL 121154, at *2.

In light of the upcoming deadlines set in the Docket Control Order and, in particular, the February 25, 2021 Final Pretrial Conference, Defendants respectfully request that the Court order expedited briefing so that this motion to stay can be resolved before that hearing. Accordingly, Defendants request that the Court order that the deadline for Plaintiff to file a response in opposition to this motion be set to Friday, February 19, 2021. The Defendants hereby waive their right to file a reply to Plaintiff's opposition so as to provide sufficient time for the Court to rule on this motion. Because the Defendants have waived their right to file a reply, the Plaintiff will not need to file a sur-reply. Accordingly, briefing on this motion can close when Plaintiff files its opposition to this motion.

### IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay this case until resolution by this Court and, if necessary, the appeals court, of Defendants' Venue Motion.

Dated: February 9, 2021

Respectfully submitted,

 /s/   Frank C. Cimino, Jr.
Frank C. Cimino, Jr.
Megan S. Woodworth
Jonathan L. Falkler
VENABLE LLP
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4569
Facsimile: (202) 344-3800

J Thad Heartfield
State Bar No. 09346800
Email: thad@heartfieldlawfirm.com
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX 77706
Telephone: (415) 772-1200
Facsimile: (415) 772-2400

**ATTORNEYS FOR DEFENDANTS FCA US LLC AND MASERATI NORTH AMERICA, INC**.

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that counsel for the parties conducted a meet-and-confer regarding this Motion prior to filing.  Specifically, on February 9, 2021, counsel for FCA and Maserati (Megan Woodworth, Nicholas Jordan, and Thad Heartfield) participated in a telephonic conference with counsel for Plaintiff (Peter Lambrianakos and Amy Park) regarding the issues raised herein, but the parties were unable to resolve the issues.  Thus, this Motion is opposed.

     /s/   *Frank C. Cimino, Jr.*
Frank C. Cimino, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will provide notice to all counsel of record.

     /s/   *Frank C. Cimino, Jr.*
Frank C. Cimino, Jr.